LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 13-02304 GAF (SPx) | Date | January 8, 2014 |
|---|---|---|---|
| Title | David Lee Pace v. FFE et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

### ORDER TO SHOW CAUSE

On September 12, 2013, Plaintiff David Lee Pace ("Plaintiff") filed suit against Defendants FFE Transportation Services, Inc. ("FFE"), American Eagle Line, UC Express, and Conwell LLC (collectively, "Defendants"), in the Superior Court for the County of San Bernardino. On December 16, 2013, Defendant FFE timely removed the case to federal court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 1, [Not. of Removal ("Not.")] at 2.) However, the Court is unable to determine whether it has jurisdiction over this matter because FFE's jurisdictional allegations are deficient.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). Allegations of residence are insufficient to establish jurisdiction. Instead, citizenship is determined by a person's domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Kanter v. Warner-Lambert Co., 265 F.2d 853, 857–58 (9th Cir. 2001). Additionally, a corporation is a "citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(a) (emphasis added).

FFE alleges that diversity jurisdiction exists because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000. (Not. at 2.) However, the Notice only lists FFE's principal place of business, not the state of its incorporation. (Id.) It has

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-02304 GAF (SPx) | Date | January 8, 2014 |
|---|---|---|---|
| Title | David Lee Pace v. FFE et al | | |

therefore failed to show proper citizenship of all parties, and it is unclear if the diversity requirement is met.

    Accordingly, FFE is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. Defendant FFE's response is due by the close of business on Friday, February 7, 2014. **Failure to respond will be deemed consent to dismissal of the action**.

    **IT IS SO ORDERED.**